UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TORO TIANT FRANKLIN,

    Plaintiff,

    v.                          CAUSE NO. 3:24-CV-851 DRL-SJF

WILLIAM J. REDMAN *et al.*,

    Defendants.

OPINION AND ORDER

Toro Tiant Franklin, a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee had not been paid. (ECF 4.) The docket reflects that the fee has now been paid. (ECF 5.) Therefore, the case will proceed to screening.

As required by 28 U.S.C. § 1915A, the court must screen the complaint (ECF 1) and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Franklin is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Franklin is an inmate at the St. Joseph County Jail. He claims that on or about August 16, 2024, jail officials put him in the same "pod" as his co-defendant. He states that the situation caused him "mental stress." He seeks monetary damages against Sheriff William Redmond and two jail employees, as well as dismissal of his criminal case.

Public records reflect Mr. Franklin was convicted of a firearms offense on January 22, 2025.[1] However, he states that this incident occurred while he was detained pending trial. Therefore, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The Fourteenth Amendment's due process clause "prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation and quotations omitted). This encompasses a right to be protected "from physical harm inflicted by others in the institution." *Kemp v. Fulton County*, 27 F.4th 491, 494 (7th Cir. 2022).

To state a plausible claim for failure to protect, a plaintiff must allege:

> (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

*Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). The third element "requires an allegation that a specific defendant was on notice of a serious risk of harm to the detainee." *Id.*

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

(citation and quotations omitted). "Put another way, it must be plausibly alleged that a reasonable officer in a defendant's circumstances would have appreciated the high degree of risk the detainee was facing." *Id.*

Here, Mr. Franklin states only that he was placed in the same pod as his co-defendant. He does not include factual content to plausibly suggest that his co-defendant posed a danger to him or that anyone at the jail was on notice of a specific risk to his safety. Merely "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). There is also no indication from the complaint that Mr. Franklin was actually harmed as a result of the housing assignment. He states that he wants to recover for "mental stress," but under the Prison Litigation Reform Act, an inmate cannot recover solely for an emotional injury. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]").

Additionally, liability under 42 U.S.C. § 1983 is based on personal responsibility, and Mr. Franklin does describe any personal involvement in this event by Sheriff Redman. The sheriff cannot be held liable for damages solely because of his position.[2]

---

[2] He also does not allege a plausible claim against the sheriff under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), as he does not describe an official policy or widespread custom that caused him injury. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). Isolated incidents of misconduct by a few employees

*Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The other two defendants he identifies as the "Chief" and "Assistant Chief" without explaining their roles at the jail or how, if at all, they were involved in his housing assignment. There is no basis in the complaint to hold them liable for damages. Nor can he obtain dismissal of his criminal case or release from custody in this civil rights suit. *See Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973); *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005).

Therefore, the complaint does not state a claim against any defendant. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). Mr. Franklin will be afforded an opportunity to file an amended complaint, if after reviewing this order he believes he can state a plausible constitutional claim based on this incident, consistent with what he has already alleged under penalty of perjury.

For these reasons, the court:

(1) GRANTS the plaintiff until **March 17, 2025** to file an amended complaint; and

(2) CAUTIONS him that if he does not file an amended complaint by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

SO ORDERED.

February 21, 2025　　　　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court

---

does not give rise to a *Monell* claim, which is the most he describes here. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021).